[No. A056054. First Dist., Div. Two. Oct. 28, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
MELTON JAKE WILLIAMS II, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1(a), this opinion is certified for publication with the exception of section IV.B.

828

## COUNSEL

Ozro William Childs, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Joanne S. Abelson and Herbert F. Wilkinson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

PETERSON, J.*—On appeal from a judgment of conviction and sentence of nine years' imprisonment, Melton Jake Williams II contends the trial court erred in denying presentence credit for time served. The Attorney General concedes appellant is entitled to the amount of credit which he seeks. In the published part of this opinion, we agree with the parties, and hold that presentence custody cannot be attributed to "mixed conduct" (*In re Nickles* (1991) 231 Cal.App.3d 415, 419 [282 Cal.Rptr. 411] [shifting to defendant the burden of proving entitlement to presentence custody credit therefor under Penal Code section 2900.5[1]]) solely because the People dismiss some of the counts of a multiple count information that charges defendant in separately stated offenses for the criminal conduct which generated his presentence custody. In such instances, presentence custody for offenses described in the dismissed counts remains wholly attributable to the legal proceedings related to the same conduct described in the remaining count on which he was convicted.

### I. PROCEDURAL HISTORY

On May 29, 1991,[2] prior to commission of the crimes charged in the case at bench, appellant was arrested for burglary. He was charged by complaint (No. C-5305) with misdemeanor petty theft from a merchant. (§§ 488, 490.5.) On June 18, he pled no contest. The municipal court suspended imposition of sentence and granted 12 months' summary probation subject to stated conditions.

Appellant was arrested in this case on July 28. Misdemeanor probation was summarily revoked July 30 by the municipal court for two violations—

---

*Presiding Justice of the Court of Appeal, First District, Division Five, sitting under assignment by the Chairperson of the Judicial Council.

[1]Section 2900.5, subdivisions (a) and (b) provide in pertinent part: "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, . . . [¶] . . . credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed."

Unless otherwise indicated, all further statutory references are to the Penal Code.

[2]All dates are in 1991 unless otherwise indicated.

"new charges," and "obey all laws." Appellant admitted the second violation (obey all laws) on August 29. That court revoked and terminated probation and ordered him to serve 20 days in jail, with credit for time served of 20 days.

On the same day, August 29, in municipal court, appellant waived preliminary examination in this case and entered a plea of guilty to violation of one count of section 264.1. On September 20, in superior court, he made a *Marsden* motion (*People v. Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44]) and moved to withdraw the guilty plea. On September 27, the superior court granted the motion to withdraw the plea, ordered the felony charges reinstated, ordered the sentence for appellant's violation of his misdemeanor probation set aside, and remanded the matter to the municipal court where new probation violation proceedings in the misdemeanor case began on October 1.

On October 10, the municipal court held a preliminary examination in this case. At the close of the preliminary examination, the court found appellant in violation of his probation on the misdemeanor conviction for failure to "obey all laws"; the municipal court revoked probation and sentenced appellant, on the misdemeanor charge, to 177 days in jail with credit for time served of 76 days.

Appellant, having withdrawn his superior court plea, was charged by information number 10999-C filed October 24 with 13 felony counts committed on or about July 27 against the 13-year-old victim, Amy: count 1 —forcible kidnapping (§ 207); count 2—kidnapping for the purpose of committing lewd or lascivious acts on a child under the age of 14 years (§§ 207, subd. (b); 288); counts 3 and 10—assault with intent to commit lewd or lascivious acts with a child under 14 years (§§ 220, 288, subd. (a)); counts 4, 7 (aiding and abetting), and 11—lewd or lascivious acts with a child under 14 years (§ 288, subd. (a)); counts 5, 8 (aiding and abetting), and 12—lewd or lascivious acts with a child under 14 years by force (§ 288, subd. (b)); counts 6, 9, and 13—rape in concert by force (§ 264.1).

Appellant pled not guilty on October 25 in superior court, followed on December 6 by his plea of no contest to count 6 (§ 264.1). That court found appellant guilty as to count 6 on December 6, and sentenced him in accordance with a plea agreement to the upper term of nine years in prison[3] on December 13. The superior court then denied appellant any presentence credits. Appellant timely appealed the denial of presentence credits. (Cal. Rules of Court, rule 31(d).)

---

[3]The *abstract* of judgment in the record before us erroneously reflects a sentence of three years instead of nine years. This is obviously a clerical error which we will order corrected.

## II. THE FACTS

The details of the offense are not relevant to this appeal; a brief summary will suffice. According to a Mendocino County Sheriff's Office report referred to in the probation report, on July 27, about 9:30 p.m., the victim and two other girls were on the street when appellant and his codefendant pulled up in a car and invited them to go to Burger King, which they did. When they returned to the area, the other two girls got out of the car; but appellant drove away before the victim could exit. The codefendant reassured the victim everything was all right and that they were just playing a joke on her friends. They drove around for a while. They passed the other two girls; the victim called to them and they called back for her to get out of the car; the codefendant grabbed her, pulled her back, and told her to shut up.

Appellant drove the car to the vicinity of a prune orchard. The codefendant took the victim from the car and started walking into the orchard. She broke away, but the two men caught her and forced her to the ground. The codefendant pulled her pants down; she struggled. Appellant held her down and rubbed his penis on her body while the codefendant had sexual intercourse with her.

## III. APPELLANT'S CONTENTION

When appellant's misdemeanor probation was revoked, he was given 76 days' credit for time served. This calculation (which should have been 75 days) represented the period from the day of arrest on the new charges, July 28, to the day he was sentenced to serve 177 days in jail, October 10.

Appellant served another 64 days for probation violation from October 11 to December 13, the date of sentencing on his plea to count 6 of the information filed in superior court. ▮ Appellant contends he is entitled to full credit of 140 days (which should be 139 days), plus conduct credit under section 4019. Appellant argues in the alternative that he is entitled to one of several lesser amounts.

The People agree appellant is entitled to full credit for the time in custody from July 28 to December 13, plus section 4019 credit.

## IV. DISCUSSION

Section 2900.5 provides, in general, that a defendant sentenced to imprisonment shall receive credit for time spent in custody from the date of arrest.

(*Id.*, subd. (a).) In particular, the issue before us arises under section 2900.5, subdivision (b), which provides, "For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted."

### A. *Applicability of the Nickles Decision*

We recently analyzed the leading Supreme Court decisions on presentence credit under section 2900.5, subdivision (b) and held, "[T]he defendant has the burden in every *mixed conduct* case to prove entitlement to presentence custody credits by showing that such custody was 'strict[ly] caus[ed]' by the same conduct for which he is convicted and to be sentenced." (*In re Nickles, supra*, 231 Cal.App.3d at p. 424 (opn. by Peterson, J., with Smith, J. conc., and Kline, P. J., dis.), review den. Sept. 5, 1991, italics added; accord, *In re Bustos* (1992) 4 Cal.App.4th 851, 855 [5 Cal.Rptr.2d 767], review den. May 27, 1992.)

The prosecution argued, and the lower court agreed, as follows in considering the application of *Nickles*: Appellant was charged with multiple counts in the information, pled guilty to only one (rape in concert), and the others were dismissed. Probation was revoked not only because of the rape in concert, but because of the other dismissed charges as well. This fact resulted in appellant's presentence custody being ascribed to "mixed custody," and appellant did not meet his burden under *Nickles* of showing the violation of probation was the same conduct for which he was convicted and sentenced. Therefore, appellant was not entitled to presentence credit. Finding probation could have been revoked based on any one of the counts of the information other than count 6, the one to which appellant entered a plea, the court denied appellant all presentence custody credit.

We reiterate our observation in *Nickles* that the presentence credit statute, section 2900.5, is difficult to interpret and apply. (*In re Nickles, supra*, 231 Cal.App.3d at p. 419.)[4] Here, the district attorney and the trial court misinterpreted the statute and our decision in *Nickles*, where we explained the factual issues the trial judge is required to consider in these cases: (1) Would

---

[4]The difficulties inherent in the statutory scheme are illustrated by a recent decision of Division Three of this district, *In re Davis* *(Cal.App.). *Davis* declined to follow our decision in *Nickles*, because "reading of [*In re*] *Joyner* [(1989) 48 Cal.3d 487, 494-495 (256 Cal.Rptr. 785, 769 P.2d 967)] reveals that it disapproved the [*In re*] *Atiles* [(1983) 33 Cal.3d 805, 812-813 (191 Cal.Rptr. 452, 662 P.2d 910)] dictum [citation], not the *Atiles* holding." (*In re Davis, supra*.) Division Three did not, however, cite the recent decision of the Second District in *In re Bustos*, which followed our decision in *Nickles*: "Applying *Joyner* and its progeny including *Nickles* to the present case, it is clear defendant is not entitled to any presentence

*Reporter's Note: Opinion (A056411) deleted upon direction of Supreme Court by order dated November 25, 1992.

appellant have been at liberty (free of incarceration for probation violation) absent his custody (as a probation violator) being attributable to proceedings related to the same conduct for which he was subsequently sentenced? If so, presentence credits are applicable. (2) Conversely, would appellant have been returned to custody as a probation violator on grounds having nothing to do with the proceedings relating to the same conduct for which he was subsequently so sentenced, i.e., for violating some other condition of probation? If so, such presentence credits are inapplicable. (P. 423.)

In *Nickles*, we defined the "mixed conduct" which generates a defendant's present custody as consisting of *both* "conduct which is, and conduct which is not, *attributable to the proceedings related to the conduct for which [the defendant] was convicted and sentenced.*" (231 Cal.App.3d at p. 419, italics added.)

The trial court here observed that the only basis of proof of appellant's violation of the "obey all laws" condition of his misdemeanor probation was his criminal conduct which resulted in the charges in this case.[5]

After appellant pled no contest to, and was sentenced on, a single count of the 13-count information, the prosecution moved for dismissal of the 12 remaining counts as part of a plea agreement; and the court granted the motion.

The court, in considering appellant's entitlement to presentence custody credit implicitly found that, by reason of their voluntary dismissal, the 12 dismissed counts ceased to be "attributable to the proceedings related to [appellant's] conduct for which he was convicted and sentenced" (*In re Nickles, supra,* 231 Cal.App.3d at p. 419; § 2900.5, subd. (b)); reasoned that all of appellant's presentence custody, thus, arose in part from appellant's conduct (described in the dismissed counts) nonattributable to such proceedings; and that appellant's presentence custody was, accordingly, due to "mixed conduct" as defined in *Nickles.* The court implicitly concluded that appellant did not carry the burden of proving entitlement to credit for the presentence custody imposed on him by reason of that custody allegedly being due to such "mixed conduct."

"Legal proceedings" are defined as "all proceedings authorized or . . . instituted in a court . . . [for] the enforcement of a remedy." (Black's

---

credits." (*In re Bustos, supra,* 4 Cal.App.4th at p. 855.) Our Supreme Court has denied review in both *Nickles* and *Bustos.*

[5]Regarding misdemeanor probation termination, the court said, inter alia: "[I]t's clear to me that there's no basis for a violation of probation absent the defendant's plea to this case. If he withdrew the plea to this case, then there was no basis at all for violation of probation."

Law Dict. (6th ed. 1990) p. 896, col. 2.) ██ "Related" means "connected; allied; akin." (*Id.* at p. 1288, col. 1.)

██ The 12 dismissed counts, and the count to which appellant pled and on which he was convicted, were connected or related to each other, all describing the criminal conduct for which he was in presentence custody and here perpetrated against the same victim. All counts of the information were authorized for filing and charged in superior court by the People to enforce a criminal remedy against appellant. This prosecutorial action was part of the "proceedings" against appellant, as that term is used in section 2900.5, subdivision (b) for purposes of considering the application of presentence custody credit.

In short, appellant's presentence custody was attributable to "proceedings relating to the same conduct" for which he was convicted (*In re Nickles, supra,* 231 Cal.App.3d at p. 419); he would have been free of incarceration for probation violation but for such proceedings relating to his conduct with the victim, Amy, for which he was convicted and sentenced; this is not a mixed conduct case and, as we explain, was not converted into a mixed conduct case by dint of the prosecution's dismissal of 12 counts of the information; i.e., some portion of appellant's presentence custody did not, because of such dismissal, become *non*attributable to the proceedings related to the same conduct charged in the count on which he was convicted.

It is not uncommon for the People to dismiss certain of multiple counts charged in a criminal accusatory pleading. Such action is frequently undertaken for a variety of reasons—some counts are redundant, some are more difficult to prove than others, some are simply overcharged in the first instance and so recognized by the prosecution.

We are aware of the extensive prosecutorial discretion vested in the executive branch. (See *People* v. *Brigham* (1989) 216 Cal.App.3d 1039, 1052 [265 Cal.Rptr. 486].) However, once the People elect to define criminal conduct which generated a defendant's presentence custody by separately stated counts, the conduct described in dismissed counts is not thereby converted to conduct *not* attributable to the proceedings related to the same conduct for which defendant is convicted.

The lower court's erroneous conclusion, that the dismissal of 12 counts of the information converted this case to one of mixed conduct, would allow award of presentence custody credit, with no shift of burden to appellant to prove entitlement thereto, *only* where that presentence custody was attributable *solely* to the conduct described in the count of which he was convicted;

not, as the statute plainly contemplates, where that custody is "attributable to the *proceedings related to* the conduct for which [appellant] was convicted and sentenced." (*In re Nickles, supra,* 231 Cal.App.3d at p. 419, italics added.)

We are referred to no authority, and have found none, displaying any legislative intent in support of the lower court's conclusion. Appellant and the Attorney General, commendably, agree none exists. The lower court's ruling would also automatically shift to defendant the burden of proving entitlement to presentence custody credit, whenever the prosecution elected to dismiss some of the counts of an accusatory pleading directed to the conduct for which the defendant received pretrial custody. Put another way, that holding would skew the required judicial consideration, of whether the conduct generating presentence custody is attributable to proceedings *wholly or partially* related to the same conduct for which defendant is convicted, by necessarily compelling a finding that such custody had only a *partial* relationship to such conduct when a count of the accusatory pleading was dismissed before conviction.

We must, therefore, reject the lower court's ruling. Appellant's presentence custody was erroneously attributed to mixed conduct, solely on the basis of the People's dismissal of some of the counts of a multiple count accusatory pleading that charged appellant in separately stated offenses for the criminal conduct generating his presentence custody; his presentence custody clearly was wholly attributable to proceedings related to the criminal conduct for which he was convicted.

B.   *Computation of Credits**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

V.   Disposition

The Mendocino County Superior Court is directed to forthwith amend the abstract of judgment in People v. Williams (No. 10999-C) to reflect the correct sentence of nine years rather than three years entered by clerical error, and to show one hundred thirty-nine days of section 2900.5 credit for the period of incarceration from July 28 to December 13, 1991, plus sixty-eight days additional credit under section 4019, subdivision (f), and to forward a certified copy of the amended abstract of judgment to the Department of Corrections.

*See footnote, *ante*, page 827.

As modified, the judgment is affirmed.

Smith, Acting P. J., and Benson, J., concurred.