[No. G040446. Fourth Dist., Div. Three. Apr. 16, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN LEROY STUMP, Defendant and Appellant.

## COUNSEL

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Peter Quon, Jr., and Lilia E. Garcia, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MOORE, Acting P. J.**—John Leroy Stump (defendant) was charged by information with driving under the influence of alcohol/drugs with a prior felony within 10 years, in violation of Vehicle Code section 23152, subdivision (a) (count one), and with driving with a blood-alcohol content of at least 0.08 percent with a prior felony within 10 years, in violation of Vehicle Code section 23152, subdivision (b) (count two). The information alleged, pursuant to Vehicle Code section 23538, subdivision (b)(2), that defendant had a blood-alcohol content of at least 0.20 percent. It further alleged, pursuant to Penal Code section 667.5, subdivision (b), that defendant had suffered three prior convictions of Vehicle Code section 23152, for which he had served separate prison terms.

Defendant, who was on parole at the time of his arrest, pleaded guilty, in exchange for a sentencing cap of no more than four years. The court sentenced defendant to a total of four years in state prison. Defendant was given credit for 504 actual days served and 252 days for good conduct, for a total of 756 days.

Defendant appeals his sentence. He argues the court erred in denying him credit for an additional 152 days, which he served in parole revocation custody. He also says that, in addition to the 152 days of actual custody, he should be entitled to a credit of 76 days for good behavior. We disagree.

■ Defendant has not shown that "but for" having driven under the influence of alcohol, he would not have been held in custody for the period of time in question. (*People v. Bruner* (1995) 9 Cal.4th 1178, 1180 [40 Cal.Rptr.2d 534, 892 P.2d 1277] (*Bruner*).) He committed one violation of the terms of his parole simply by driving without his parole officer's permission.

He committed a second violation by the isolated act of drinking alcohol. Although it is true that defendant committed a third violation of the terms of his parole by combining the two aforementioned acts and driving under the influence of alcohol, either the act of driving without permission or the act of drinking, standing alone, was sufficient to constitute a violation of the terms of his parole. We affirm.

I

FACTS

On July 16, 2006, the police were dispatched in connection with a family disturbance. When they arrived upon the scene, they saw a pickup truck driving away. They were told that the driver was the person involved in the disturbance in question. The police followed the truck and observed that the license plate was obstructed from view. They pulled over the truck because of both the obstructed license plate and the investigation of the disturbance. Defendant, who was the driver of the truck, smelled strongly of alcohol, and had bloodshot and watery eyes and slurred speech. He failed field sobriety tests and was transported to jail, where his blood was drawn. His blood-alcohol content was 0.37 percent.

At the time of his arrest, defendant, who has a lengthy criminal record, was on parole for driving under the influence. A parole revocation hold was placed on defendant and he remained in custody from July 16, 2006, forward. According to a status report of the Department of Corrections and Rehabilitation, defendant violated the terms of his parole in three ways: (1) by driving under the influence of alcohol/drugs; (2) by violating the special condition prohibiting alcohol consumption; and (3) by violating the special condition prohibiting the operation of a motor vehicle without a parole officer's approval. The parties agree defendant was placed in parole revocation custody for up to 12 months.

With respect to the July 16, 2006 incident, defendant pleaded guilty to driving under the influence of alcohol, with a blood-alcohol content exceeding 0.08 percent. He admitted his prior convictions for violations of Vehicle Code section 23152, subdivisions (a) and (b), in three prior cases. Defendant also admitted that his blood-alcohol content exceeded 0.20 percent.

In subsequent briefs on sentencing credits, defendant requested that he receive custody credits for the entire period of incarceration, from July 16, 2006, forward. He based his request on Penal Code section 2900.5.

The court considered the presentence report and defendant's briefs on custody credits. On May 2, 2008, the court sentenced defendant to two years in state prison on count one and stayed the prison sentence on count two. It imposed two additional years for prior convictions, for a total of four years in state prison. Defendant was given credit for 504 actual days served from December 20, 2006, the date he was arraigned with respect to the July 16, 2006 incident, plus an additional 252 days for good conduct. The court did not award credit for the time defendant served on the parole violation between July 16, 2006 and December 20, 2006.

II

DISCUSSION

Penal Code section 2900.5, subdivision (a) provides in pertinent part: "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, . . . all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, . . . shall be credited upon his or her term of imprisonment . . . ." However, subdivision (b) of section 2900.5 specifies that "credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted."

Defendant says that the 152-day period in question was "attributable to proceedings related to the same conduct for which" he was convicted, within the meaning of Penal Code section 2900.5, subdivision (b), so that he is entitled to credit for that period of time against his sentence with respect to the July 16, 2006 incident. He cites several cases in support of his position.

One of those cases is *In re Atiles* (1983) 33 Cal.3d 805 [191 Cal.Rptr. 452, 662 P.2d 910] (*Atiles*). In *Atiles*, the defendant was sentenced to prison for robbery. While on parole, he was arrested for robbery and sodomy, in connection with a single incident. After the arrest, he was subjected to a parole hold. (*Id.* at p. 807.) The alleged parole violations included robbery, sodomy, and a third, unidentified charge, which was asserted to have been the consumption of alcohol, although the record was not clear on the point. (*Id.* at p. 810 & fn. 3.) The defendant's parole was revoked and he was ordered returned to custody for six months. Three days after the expiration of the six-month period, he was released on bail, pending disposition of the new charges. Following a guilty plea to robbery, the defendant was sentenced to a total of four years, including a sentence enhancement. (*Id.* at p. 807.) He was

granted credit only for the three days of confinement between the date of the expiration of the six-month sentence arising out of parole violations and his release on bail, and he sought habeas corpus relief. (*Id.* at pp. 807–808.)

The People asserted that the six-month period of confinement was not attributable to the robbery conviction, so as to give rise to an entitlement to a presentence custody credit under Penal Code section 2900.5, but rather was attributable to the sodomy charge and the third parole violation. (*Atiles, supra,* 33 Cal.3d at p. 810.) The Supreme Court rejected the contention. (*Id.* at pp. 810–811.) It stated: "In determining whether custody for which credit is sought under section 2900.5 is 'attributable to proceedings leading to the conviction,' the sentencing court is not required to eliminate all other possible bases for the defendant's presentence incarceration. The court need only determine that the defendant was not already serving a term for an unrelated offense when restraints related to the new charge were imposed on him, and the conduct related to the new charge is *a basis* for those restraints." (*Id.* at p. 810, italics added, fn. omitted.) The Supreme Court held that the trial court had erred in failing to award credit for the six-month period served for the parole violations. (*Id.* at p. 814.)

Were *Atiles, supra,* 33 Cal.3d 805 applied to the case before us, we would reverse, because the conduct of driving under the influence on July 16, 2006, was "a basis" for the incarceration in question, even though the act of driving and the act of consuming alcohol were separate bases for the same. However, the test enunciated in *Atiles* was overruled in *Bruner, supra,* 9 Cal.4th at page 1194.

In *Bruner, supra,* 9 Cal.4th 1178, the Supreme Court stated that "when one seeks credit upon a criminal sentence for presentence time already served and credited on a parole or probation revocation term, he cannot prevail simply by demonstrating that the misconduct which led to his conviction and sentence was 'a' basis for the revocation matter as well." (*Id.* at p. 1194.) Rather, as "a general rule . . . a prisoner is not entitled to credit for presentence confinement unless he shows that the conduct which led to his conviction was the sole reason for his loss of liberty during the presentence period." (*Id.* at p. 1191.)

While the defendant in *Bruner, supra,* 9 Cal.4th 1178 was on parole arising out of an armed robbery conviction, an arrest warrant was issued for three alleged parole violations: (1) credit card theft; (2) absconding from parole supervision; and (3) cocaine use. At the time parole agents arrested the

defendant, they found rock cocaine on his person. He was cited for cocaine possession, but released on his own recognizance with respect to that charge. The defendant remained in custody, however, under a parole hold. His parole was later revoked on the basis of the three previously alleged parole violations, plus the cocaine possession, and he was sentenced to 12 months in prison. The defendant was subsequently charged with possession of cocaine, to which he pleaded guilty. (*Id.* at p. 1181.) The court sentenced the defendant to 16 months and declined to grant presentence custody credit. (*Id.* at pp. 1181–1182.)

On appeal, the defendant claimed he was entitled to custody credit from the date of his arrest with respect to the parole violations until the date he was sentenced on the possession conviction. (*Bruner, supra,* 9 Cal.4th at p. 1182.) The Supreme Court "granted review to determine how section 2900.5 should be applied when a defendant sentenced to a new criminal term seeks credit for presentence custody attributable to a parole revocation caused in part, but not exclusively, by the conduct that led to the new sentence." (*Id.* at pp. 1182–1183, fn. omitted.)

The custody of the defendant in *Bruner, supra,* 9 Cal.4th 1178 "as a parole violator was based in part on the same drug incident that led to the later conviction, but also upon additional, unrelated grounds." (*Id.* at p. 1180.) In other words, the defendant was a parole violator not just because of his cocaine possession, but also because of the other three grounds stated in the arrest warrant. The Supreme Court, as indicated above, rejected the assertion that the defendant should receive presentence custody credit simply because his cocaine possession was " 'a' basis" for the custody. (*Id.* at p. 1194.) Rather, it concluded: "Because defendant has not shown that he could have been free during any period of his presentence custody but for the same conduct that led to the instant conviction and sentence, he is not entitled to credit on that sentence for the period of presentence restraint." (*Id.* at p. 1195.)

Applying *Bruner, supra,* 9 Cal.4th 1178, the trial court in the matter before us concluded that defendant had not shown that "but for" his conduct of driving while under the influence of alcohol, he would have been free of custody. When the police stopped him because of the obstructed license plate and the disturbance report, he could have been held for a parole violation merely because he was driving without his parole officer's permission. Or, he could have been held for a parole violation for having consumed alcohol,

irrespective of whether he had had a blood-alcohol content exceeding 0.08 percent. Indeed, the record reflects that he was held for each of these individual acts, in addition to the conduct of driving while under the influence of alcohol.

Defendant concedes that the "but for" test of *Bruner, supra,* 9 Cal.4th 1178 now controls. However, he contends that the trial court misinterpreted *Bruner* and misapplied the "but for" test in his case. Defendant says that there was only one "single, uninterrupted, incident of misconduct," and "that a single episode of criminal behavior may [not] be parsed into separate acts in order to deny the award of credit for revocation custody . . . ." He emphasizes the language of *Bruner* pertaining to "unrelated incidents of misconduct." (*Id.* at p. 1193.)

The Supreme Court in *Bruner, supra,* 9 Cal.4th 1178 held "that where a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a 'but for' cause of the earlier restraint." (*Id.* at pp. 1193–1194.) In *Bruner,* the cocaine possession was an incident unrelated to the prior use of cocaine, the credit card theft, and the act of absconding from parole supervision. Because the defendant could have been placed on parole hold without the unrelated incident of cocaine possession, the defendant could not show that "but for" the cocaine possession, he would not have been held in custody.

The decision in *Bruner, supra,* 9 Cal.4th 1178, inasmuch as it addressed only a fact pattern with completely unrelated incidents—alleged parole violations and a subsequent cocaine possession—did not address a fact pattern such as the one before us, where all of the acts in question were temporally related. Consequently, it is not directly on point. The question is how the *Bruner* "but for" test should be applied when a defendant engages in a course of illegal conduct, such as drunk driving, that encompasses certain independent acts, none of which would be illegal per se, but each of which happens to be a separate ground for a parole violation, such as driving (without parole officer permission), or consuming alcoholic beverages in any amount.

For assistance in resolving this question, defendant draws our attention to *People v. Williams* (1992) 10 Cal.App.4th 827 [13 Cal.Rptr.2d 107] (*Williams*), a case which was decided before *Bruner, supra,* 9 Cal.4th 1178,

but nonetheless applied a "but for" standard. (*Williams, supra,* 10 Cal.App.4th at p. 834.) In *Williams,* a defendant on probation with respect to a misdemeanor petty theft conviction was arrested in connection with the kidnapping and sexual assault of a 13-year-old girl. (*Id.* at pp. 829–830.) Two days after his arrest, the defendant's probation was summarily revoked for two probation violations—suffering " 'new charges' " and failing to " 'obey all laws.' " (*Ibid.*) At the probation violation proceedings, the court found the defendant had violated his probation by failing to " 'obey all laws,' " revoked his probation, and sentenced him to 177 days in jail, with credit for 76 days' time served. (*Id.* at p. 830.)

The defendant was charged with 13 felony counts in connection with the alleged kidnapping and sexual assault. (*Williams, supra,* 10 Cal.App.4th at p. 830.) He ultimately pleaded no contest to the charge of rape in concert. (*Id.* at pp. 830, 832.) The trial court sentenced the defendant to nine years in prison, and denied him any presentence credits. (*Id.* at p. 830.) The appellate court held that the trial court erred in failing to award the defendant 139 days of credit, for the period of incarceration from the date of his arrest in connection with the kidnapping/sexual assault matter to the date he was sentenced in that matter. (*Id.* at pp. 829–830, 835.) It stated that the defendant's "presentence custody was attributable to 'proceedings relating to the same conduct' for which he was convicted [citation]; he would have been free of incarceration for probation violation but for such proceedings relating to his conduct with the victim . . . for which he was convicted and sentenced . . . ." (*Id.* at p. 834.)

The Supreme Court in *Bruner, supra,* 9 Cal.4th 1178 cited *Williams, supra,* 10 Cal.App.4th 827 in a footnote, as an example of a case where the defendant had met his burden to show that the "but for" test had been met. (*Bruner, supra,* 9 Cal.4th at pp. 1193–1194, fn. 10.) According to defendant in the matter before us, *Bruner's* citation to *Williams* leaves no doubt that when the acts in question all occur "in a single, uninterrupted, incident of misconduct," the requirements of Penal Code section 2900.5 are met and the defendant is entitled to presentence credit for the probation or parole revocation custody. He also says that his case is indistinguishable from *Williams,* inasmuch as, in each case, there was a single incident of misconduct, no matter how many charges were predicated thereon.

We disagree. In *Williams,* what may be characterized as one continuous incident gave rise to a number of charges, including kidnapping, aiding and abetting, and rape in concert. (*Williams, supra,* 10 Cal.App.4th at p. 830.) Any one charge, if proven, would have been a failure to "obey all laws"—the

essence of the probation violation. "But for" any one of the 13 charges, a conviction on any one of which would have been a violation of the parole condition that he obey all laws, the defendant in *Williams* would have been free of probation revocation custody.

The same is not true in the case before us. In the case before us, the conduct for which defendant was arrested gave rise to two drunk driving charges (violations of Veh. Code, § 23152, subds. (a), (b)). It is not the case that "but for" a drunk driving charge defendant would have been free of parole revocation custody. He still would have been held for driving, which is not necessarily a crime in and of itself but may be, and was here, a parole violation. Likewise, he still would have been held for consuming alcohol, which is not necessarily a crime in and of itself but may be, and was here, a parole violation.

█ Penal Code "section 2900.5 did not intend to allow credit for a period of presentence restraint unless the *conduct* leading to the sentence was the *true and only unavoidable basis* for the earlier custody." (*Bruner, supra*, 9 Cal.4th at p. 1192.) Here, the conduct of driving under the influence of alcohol, for which defendant was sentenced in the underlying action, was not the "only unavoidable basis" for the custody. The act of driving without permission was a basis for the earlier custody. The act of drinking alcohol, irrespective of driving, was a basis for the earlier custody. " 'Section 2900.5 does not authorize credit where the pending proceeding has no effect whatever upon a defendant's liberty.' [Citation.]" (*Id.* at p. 1184.)

"[T]he purpose of [Penal Code] section 2900.5 is to ensure that one held in pretrial custody on the basis of unproven criminal charges will not serve a longer overall period of confinement upon a subsequent conviction than another person who received an identical sentence but did not suffer preconviction custody." (*Bruner, supra*, 9 Cal.4th at pp. 1183–1184.) Here, defendant did not serve a longer overall period of confinement for the conviction of driving under the influence than someone who received an identical sentence for a driving under the influence conviction but did not serve the presentence custody. Defendant in the case before us served additional time because he violated the terms of his parole by driving without parole officer permission and by consuming alcohol. We " 'doubt that the Legislature intended to bestow a special benefit on recidivists.' [Citation.]" (*Id.* at p. 1187.) If defendant did not separately serve time on the sentence for those parole violations, the sentence would be negated. (*Id.* at pp. 1187–1188, 1193.)

## III

## DISPOSITION

The judgment is affirmed.

Aronson, J., and Ikola, J., concurred.