Filed 8/28/13  P. v. Dees CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065548 |
| v. | (Super. Ct. No. MCR041055D) |
| BRANDON WADE DEES, | **O P I N I O N** |
| Defendant and Appellant. | |

## THE COURT\*

APPEAL from a judgment of the Superior Court of Madera County.  David D. Minier, Judge.

Elisa A. Brandes, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Cornell, Acting P.J., Kane, J., and Franson, J.

Appellant, Brandon Wade Dees, pled guilty to first degree burglary (Pen. Code, §§ 459/462, subd. (b))[1] and admitted a prior prison term enhancement (§ 667.5, subd. (b)).

On appeal, Dees contends he is entitled to additional presentence custody credit. We affirm.

## FACTS

On May 25, 2011, Dees and three other men broke into a house in Madera and took jewelry and other items. Dees and two of the men were gang members.

On May 31, 2011, the district attorney filed a complaint charging Dees and the three other men with one count of burglary. The complaint also charged Dees with two prior prison term enhancements.

Dees was on parole when he committed the underlying burglary offense. One of his conditions of parole was that he not "contact or associate with any person [he knew] or should have known to be a gang member or associate."

On August 3, 2011, Dees was taken into custody for a parole violation that was based on his commission of the above noted burglary and for "associating with prohibited persons." His expected parole date was August 3, 2012. According to Dees's parole officer, Dees's parole would have been revoked solely for associating with prohibited persons.

On September 14, 2011, while serving time on his parole violation, Dees was returned to Madera County custody for proceedings related to the instant case.

On March 28, 2012, Dees pled guilty to the burglary charge and admitted one of the prior prison term enhancements in exchange for the dismissal of the remaining enhancement and an indicated sentence of three years, the mitigated term of two years on the burglary count and a consecutive one-year prior prison term enhancement.

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

2

On June 18, 2012, at Dees's sentencing hearing, defense counsel argued Dees was entitled to presentence custody credit for the time he served on his parole violation beginning September 14, 2011, because the violation encompassed the offense he was convicted of, committing a burglary with Norteño gang members. The prosecutor argued Dees was not entitled to the credit he sought because he did not plead to anything in the instant case involving gang members.

The court found Dees was not entitled to presentence custody credit because the current case did not involve any gang allegations and his parole violation was not based solely on the burglary offense. The court sentenced Dees per his plea agreement to an aggregate term of three years, but it did not award him any presentence custody credit.

## DISCUSSION

### *The Denial of Presentence Custody Credit*

Dees cites *People v. Williams* (1992) 10 Cal.App.4th 827 to contend that the conduct underlying his parole violation, i.e., participation in the burglary offense and his association with gang members, was identical to the conduct underlying his conviction. Thus, according to Dees, the court erred by its failure to award him presentence custody credit for his local custody time from September 14, 2011, through the date of his sentencing on June 18, 2012. We disagree.

Section 2900.5, subdivision (a) provides in pertinent part: "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, ... all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, ... shall be credited upon his or her term of imprisonment...." However, section 2900.5, subdivision (b) specifies, "credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted."

In *People v. Bruner* (1995) 9 Cal.4th 1178 (*Bruner*), our Supreme Court held that "where a period of presentence custody stems from multiple, unrelated incidents of

3

misconduct, such custody may not be credited against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a 'but for' cause of the earlier restraint. Accordingly, when one seeks credit upon a criminal sentence for presentence time already served and credited on a parole or probation revocation term, he cannot prevail simply by demonstrating that the misconduct which led to his conviction and sentence was 'a' basis for the revocation matter as well." (*Id.* at pp. 1193-1194.) Rather, as "a general rule ... a prisoner is not entitled to credit for presentence confinement unless he shows that the conduct which led to his conviction was the sole reason for his loss of liberty during the presentence period." (*Id.* at p. 1191.) This rule of "'strict causation'" "stems from the conclusion that section 2900.5 did not intend to allow credit for a period of presentence restraint unless the *conduct* leading to the sentence was the *true and only unavoidable basis* for the earlier custody." (*Id.* at p. 1192.) The defendant in *Bruner* was not entitled to presentence credits, the court held, "[b]ecause defendant has not shown that he could have been free during any period of his presentence custody but for the same conduct that led to the instant conviction and sentence...." (*Id.* at p. 1195.)

We find instructive *People v. Stump* (2009) 173 Cal.App.4th 1264 (*Stump*). In *Stump*, the defendant was convicted of driving under the influence of alcohol with a prior felony within 10 years (Veh. Code, § 23152, subd. (a)) and driving with a blood-alcohol content of at least .08 percent with a prior felony within 10 years (Veh. Code, § 23152, subd. (b)). He was arrested and taken into custody on July 16, 2006. He was on parole at the time of his arrest, and he violated the terms of his parole by committing the two offenses and, at the time he committed those offenses, by drinking alcohol and driving without his parole officer's permission.

The defendant remained in custody through the date of sentencing in May 2008, and he was arraigned "with respect to the July 16, 2006 incident" on December 20, 2006. (*Stump, supra,* 173 Cal.App.4th at p. 1268.) The court awarded credits for the period of

4

December 20, 2006, through sentencing, but declined to grant credits for the defendant's period of custody from July 16, 2006, through December 20, 2006. (*Ibid.*) On appeal, the defendant challenged the court's failure to award credits for the earlier period. That period of custody, he asserted, "was 'attributable to proceedings related to the same conduct for which' he was convicted" because "there was only one 'single, uninterrupted, incident of misconduct,' and '... a single episode of criminal behavior may [not] be parsed into separate acts in order to deny the award of credit for revocation custody ....'" (*Id.* at pp. 1268, 1271.) The defendant "emphasize[d] the language of *Bruner* pertaining to 'unrelated incidents of misconduct.'" (*Id.* at p. 1271).

The appellate court noted that *Bruner* was not "directly on point" because "[t]he decision in [that case], inasmuch as it addressed only a fact pattern with completely unrelated incidents—alleged parole violations and a subsequent cocaine possession—did not address a fact pattern such as the one before us, where all of the acts in question were temporally related." (*Stump, supra*, 173 Cal.App.4th at p. 1271.) The question presented, the court stated, was "how the *Bruner* 'but for' test should be applied when a defendant engages in a course of illegal conduct, such as drunk driving, that encompasses certain independent acts, none of which would be illegal per se, but each of which happens to be a separate ground for a parole violation, such as driving (without parole officer permission), or consuming alcoholic beverages in any amount[?]" (*Ibid.*)

The court answered that question as follows: "In the case before us, the conduct for which defendant was arrested gave rise to two drunk driving charges (violations of Veh. Code, § 23152, subds. (a), (b)). It is not the case that 'but for' a drunk driving charge defendant would have been free of parole revocation custody. He still would have been held for driving, which is not necessarily a crime in and of itself but may be, and was here, a parole violation. Likewise, he still would have been held for consuming alcohol, which is not necessarily a crime in and of itself but may be, and was here, a parole violation. [¶] … 'section 2900.5 did not intend to allow credit for a period of

5

presentence restraint unless the *conduct* leading to the sentence was the *true and only unavoidable basis* for the earlier custody.' (*Bruner, supra,* 9 Cal.4th at p. 1192.) Here, the conduct of driving under the influence of alcohol, for which defendant was sentenced in the underlying action, was not the 'only unavoidable basis' for the custody. The act of driving without permission was a basis for the earlier custody. The act of drinking alcohol, irrespective of driving, was a basis for the earlier custody. '"Section 2900.5 does not authorize credit where the pending proceeding has no effect whatever upon a defendant's liberty." [Citation.]' (*Id.* at p. 1184.)" (*Stump, supra,* 173 Cal.App.4th at p. 1273.)

Dees would not have been free of custody "but for" the charge of burglary because his parole was violated for his association with gang members. Accordingly, we conclude *Stump* is dispositive in the instant case.

*Williams* does not mandate a different conclusion. In discussing and distinguishing *Williams*, the court in *Stump* stated:

> "In *Williams,* a defendant on probation with respect to a misdemeanor petty theft conviction was arrested in connection with the kidnapping and sexual assault of a 13-year-old girl. [Citation.] Two days after his arrest, the defendant's probation was summarily revoked for two probation violations—suffering '"new charges"' and failing to '"obey all laws."' [Citation.] At the probation violation proceedings, the court found the defendant had violated his probation by failing to '"obey all laws,"' revoked his probation, and sentenced him to 177 days in jail, with credit for 76 days' time served. [Citation.]
>
> "The defendant was charged with 13 felony counts in connection with the alleged kidnapping and sexual assault. [Citation.] He ultimately pleaded no contest to the charge of rape in concert. [Citation.] The trial court sentenced the defendant to nine years in prison, and denied him any presentence credits. [Citation.] The appellate court held that the trial court erred in failing to award the defendant 139 days of credit, for the period of incarceration from the date of his arrest in connection with the kidnapping/sexual assault matter to the date he was sentenced in that matter. [Citation.] It stated that the defendant's 'presentence custody was attributable to "proceedings relating to the same conduct" for which he was

6

convicted [citation]; he would have been free of incarceration for probation violation but for such proceedings relating to his conduct with the victim ... for which he was convicted and sentenced ....' [Citation.] [¶] … [¶]

"… In *Williams,* what may be characterized as one continuous incident gave rise to a number of charges, including kidnapping, aiding and abetting, and rape in concert. [Citation.] Any one charge, if proven, would have been a failure to 'obey all laws'—the essence of the probation violation. 'But for' any one of the 13 charges, a conviction on any one of which would have been a violation of the [probation] condition that he obey all laws, the defendant in *Williams* would have been free of probation revocation custody." (*Stump, supra,* 173 Cal.App.4th at pp. 1272-1273.)

The court then went on to explain, as previously noted, that the conduct for which the defendant in *Stump* was arrested gave rise to two drunk driving charges. Further, unlike the defendant in *Williams*, the defendant in *Stump* would not have been free of custody but for one of the charges against him because he still would have been held in parole custody for driving without permission and for drinking alcohol. (*Stump, supra,* 173 Cal.App.4th at pp. 1273.)

We find *Stump* persuasive because Dees's association with gang members did not result in any criminal charges and like the conduct of the defendant in *Stump*, in drinking alcohol and driving without his parole officer's permission, it was an independent basis for his violation of parole. Nor do we agree with Dees that *Stump's* reasoning is unsound. Accordingly, we conclude that the court did not err when it denied Dees presentence custody credit for the time he spent in local custody from September 14, 2011, through the date of sentencing in June 2012.

### Dees's Remaining Contention

Under the version of section 4019 in effect on May 25, 2011, a defendant in presentence custody for a term of six days was deemed to have been served for every four days spent in actual custody. (Stats. 2010, ch. 426, § 2, p. 2088, eff. Sept. 28, 2010.) Under the version of section 4019 that became effective on October 1, 2011, a term of four days will be deemed to have been served for every four days spent in actual custody.

(Stats. 2011, ch. 15, § 482, p. 498 & Stats. 2011, ch. 39, § 53, p. 1731; Stats. 2011-2012, 1st Ex. Sess. 2011, ch. 12, § 35, p. 5976.)  Dees contends he is entitled on equal protections grounds to two-for-two conduct credits pursuant to the version of section 4019 that became effective on October 1, 2011, for time he spent in custody on or after that date.

This issue is moot in light of our conclusion in the previous section that Dees was not entitled to any presentence custody credit.  However, even if it were not, we would reject it based on our decision in *People v. Ellis* (2012) 207 Cal.App.4th 1546 wherein we rejected a similar contention.

## DISPOSITION

The judgment is affirmed.