Filed 8/10/22 P. v. Gutierrez CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>RUBEN ELIAS GUTIERREZ,<br><br>      Defendant and Appellant. | C094761<br><br>(Super. Ct. No. 20CF03514) |

Defendant Ruben Elias Gutierrez was sentenced to the upper term of five years for second degree robbery doubled to 10 years for a prior strike conviction.  Defendant contends his sentence should be vacated and the case remanded for resentencing under the amendments to Penal Code[1] section 1170, subdivision (b)(1), (2), and (6) made, respectively,  by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) and Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 695, § 5).[2]

---

[1]    All further undesignated section references are to this code.

[2]    The amendments to section 1170, subdivision (b) were made solely by Senate Bill No. 567, which was enacted and signed by the Governor on the same day as Assembly Bill No. 124.  Senate Bill No. 567 prevails over Assembly Bill No. 124 because the

Defendant also seeks a direction to the trial court on remand to recalculate his presentence custody credits.

The People concede that section 1170, subdivision (b)(6), under which the presumptive sentence is the lower term for an offender under the age of 26 -- defendant was 22 years old at the time of the crime -- applies retroactively to defendant's case and requires remand and resentencing. The People argue that defendant's other claims can be addressed at a "full" resentencing hearing.

We agree that remand is warranted based on the amendment to section 1170, subdivision (b)(6) and the court can address the application of section 1170, subdivision (b)(1) & (2) on remand. However, it appears the trial court has already considered defendant's presentence credit claim and rejected it. We, on other hand, conclude that the claim has merit and direct the court to add 90 days to defendant's presentence custody credits.

## BACKGROUND

Defendant pled guilty to a violation of section 211 and admitted a prior strike. The parties stipulated that the factual basis for the plea was stated in the probation report. The details of the crime are not relevant to this appeal. In brief, the victim told police he had an all-night party on the lawn in front of his house with defendant and others, and on the morning of June 20, 2020, defendant and another man assaulted the victim, took his keys, and stole two firearms from his house. Defendant was 22 years old at the time of the offense.

On July 29, 2021, the trial court conducted a sentencing hearing. The court found that the circumstances in aggravation outweighed the circumstances in mitigation --

_____

former was signed and chaptered last and contains a provision that the changes made by Assembly Bill No. 124 are incorporated in Senate Bill No. 567 if that bill is enacted last. (Stats. 2021, ch. 731, § 3; Gov. Code, § 9605, subd. (b); *In re Thierry S.* (1977) 19 Cal.3d 727, 738-739.)

2

indeed, the court found no mitigating factors -- and imposed the upper term. The court noted the following specific reasons for its choice of the upper term: "The crime involved great violence and bodily harm. Also the defendant's prior convictions are numerous and of an increasingly serious nature. The defendant has served a prior prison term. He was on parole at the time of the offense, and his prior performance on probation and parole was unsatisfactory."

Defendant filed a timely appeal.

DISCUSSION

I

*Senate Bill No. 567*

Defendant contends the amendments made by Senate Bill No. 567 to section 1170, subdivision (b)(1)-(2) and (6), effective after he was convicted and sentenced, apply retroactively to his case, which is not yet final on appeal, and require remand to the trial court for resentencing. The People concede that amended section 1170, subdivision (b)(6) applies retroactively to defendant and therefore this matter should be remanded for resentencing. The People argue, however, that we need not consider defendant's claim under section 1170, subdivision (b)(1)-(2), because the trial court may consider this claim on remand under the full resentencing rule. We agree.

Senate Bill No. 567 "amended section 1170, former subdivision (b) by making the middle term the presumptive sentence for a term of imprisonment unless certain circumstances exist. (Stats. 2021, ch. 731, § 1.3, adding Pen. Code, § 1170, subd. (b)(1) (2).) This bill also created a presumption in favor of a low prison term when a defendant is under 26 years of age at the time of the offense. (Stats. 2021, ch. 695, § 4, adding Pen. Code, § 1016.7; Stats. 2021, ch. 695, § 5.1, adding Pen. Code, § 1170, subd. (b)(6)(B).)" (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038, fn. omitted.)

The parties agree, as do we, that the amendments to section 1170, subdivision (b) apply retroactively to nonfinal convictions on appeal. "Under established law, we

3

'assume, absent evidence to the contrary, that the Legislature intended an "amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date." ' [Citation.] 'For the purpose of determining the retroactive application of an amendment to a criminal statute, the finality of a judgment is extended until the time has passed for petitioning for a writ of certiorari in the United States Supreme Court.' " (*People v. Flores*, *supra*, 73 Cal.App.5th at p. 1039.)

It is clear that remand is required under section 1170, subdivision (6), which provides in relevant part: " '[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] . . . [¶] (B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense.' (§ 1170, subd. (b)(6); see § 1016.7, subd. (b) ['A "youth" for purposes of this section includes any person under 26 years of age on the date the offense was committed'].)" (*People v. Flores*, *supra*, 73 Cal.App.5th at pp. 1038-1039.)[3]

Since defendant was 22 years old when he committed the offense, his 10-year sentence must be vacated and the matter remanded to the trial court to apply section 1170, subdivision (b)(6). (*People v. Flores*, *supra*, 73 Cal.App.5th at p. 1039 [where the defendant was under 26 years at the time of the crime, the appropriate approach is to

---

[3]   Section 1170, subdivision (b)(1) and (2), as amended, provides in relevant part: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2). [¶] The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or judge in a court trial."

"remand to the trial court to decide under the newly amended law whether defendant is entitled to the lower term"].) On remand, the trial court can reconsider his sentence under section 1170, subdivision (b)(1) and (2), as well. (See *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["[T]he full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"]; *People v. Buycks* (2018) 5 Cal.5th 857, 893 [" when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "].)

## II

### *Section 2900.5*

Defendant contends that he was denied presentence custody credits for 90 days from July 18, 2020, when he was arrested and taken into custody, to October 15, 2020.[4]

As a preliminary matter, we note that "[p]resentence custody credit issues do not require a certificate of probable cause. Instead, a defendant must raise the issue at sentencing, or, upon later discovery of miscalculation, by motion for correction of the record in the trial court. (§ 1237.1) If the error is not corrected by the trial court, defendant may appeal the issue without a certificate of probable cause." (*People v. Hodges* (2009) 174 Cal.App.4th 1096, 1102, fn. 5, citing *People v. Fares* (1993) 16 Cal.App.4th 954, 960.)

Defendant contends -- and the People do not dispute -- that defendant "filed a *Fares* motion requesting the correction of custody credits in the superior court on

---

[4] Defendant also refers to good conduct credit under section 4019. "In addition to actual custody credit under section 2900.5, 'section 4019 . . . offer[s] prisoners in local custody the opportunity to earn "conduct credit" against their sentences for good behavior.' " (*People v. Gerson* (2022) 80 Cal.App.5th 1067, 1091.) However, defendant does not identify any conduct time he contends he was wrongly denied and bases his claim for credit on the days he was in custody from July 18, 2020 to October 2020.

November 15, 2021. A copy of this motion was served on this Court on November 8, 2021. On January 20, 2022, the superior court denied appellant's request to correct his custody credits."

In this instance, however, a motion was unnecessary. "Section 1237.1 provides: 'No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court.' The statute 'does not require defense counsel to file [a] motion to correct a presentence award of credits in order to raise that question on appeal when other issues are litigated on appeal'; if there are no other issues, however, 'the filing of a motion in the trial court is a prerequisite to raising presentence credit issue on appeal.' " (*People v. Delgado* (2012) 210 Cal.App.4th 761, 764, quoting *People v. Acosta* (1996) 48 Cal.App.4th 411, 427-428, fn. omitted.)

As discussed above, defendant has raised other issues on appeal. Accordingly, we turn to the merits. A defendant is entitled to credit against the sentence for all days spent in custody, which in many cases begins to accrue on the date of arrest, while awaiting trial and sentencing up to the date sentence is pronounced. (§ 2900.5; *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48.) Relevant here, section 2900.5, subdivision (b), provides: "For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which defendant has been convicted."

The probation report stated defendant was "not entitled to credits" from July 18, 2020 to October 15, 2020, totaling 90 days, "pursuant to *People v. Bruner* [(1995) 9 Cal.4th 1178], as he was serving an unrelated parole violation term." In *Bruner*, the California Supreme Court held "that where a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited against a

6

subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a 'but for' cause of the earlier restraint. Accordingly, when one seeks credit upon a criminal sentence for presentence time already served and credited on a parole or probation revocation term, he cannot prevail simply by demonstrating that the misconduct which led to his conviction and sentence was 'a' basis for the revocation matter as well." (*Bruner*, at pp. 1193-1194.)

Defendant relies on the parole violation proceedings as described in the probation report. When defendant was arrested for the instant offense on July 18, 2020, the Department of Corrections and Rehabilitation placed a parole hold on his custodial status. On July 24, 2020, the department filed a petition for revocation of parole alleging two counts based on the newly charged crime. On December 4, 2020, the department filed an amended petition adding a third count for failure to follow instructions by not reporting police contact. Defendant admitted the third count and the other two counts were dismissed. The court found defendant in violation of parole. The probation report description concludes: "The grant was revoked and reinstated and the defendant was ordered to serve 180 days in custody, with credit for time served. According to the records of the Butte County Jail, the defendant completed the sanction on October 15, 2020."

On this record, defendant received credit for time served against the 180-day sentence the court imposed on the parole violation. Thus, defendant seeks duplicate credit for the period from July 18, 2020 to October 15, 2020. To do so, defendant must show that the crime for which he was convicted was the "but for" cause of the parole violation restraint. (*People v. Bruner*, *supra*, 9 Cal.4th at p. 1194.) Based on the probation report, defendant has made the requisite showing. During the initial period, defendant was in custody based on the same conduct for which he was sentenced in this case. It makes no difference that the parole revocation petition added an allegation on December 4, 2020, that defendant had failed to follow instructions, because defendant's

7

initial custody from July 18, 2020 to October 15, 2020 was not based on this alleged parole violation. Defendant's incarceration during this period was not converted into a "mixed conduct" case by the later addition of another allegation and dismissal of the two allegations under which defendant was originally held. (Cf. *People v. Williams* (1992) 10 Cal.App.4th 827, 834-835 [the defendant's presentence custody was not converted to a "mixed conduct" case by the prosecution's dismissal of 12 out of 13 counts initially alleged].) Moreover, it appears that the third allegation was based on defendant's failure to report his arrest for the newly charged crime.

We conclude that defendant is entitled to 90 days custody credit under section 2900.5 for the period from July 18, 2020 to October 15, 2020.

### DISPOSITION

Defendant's sentence is vacated, and the case remanded to the trial court for resentencing under the amended version of section 1170, subdivision (b). In resentencing, under section 2900.5, defendant shall receive 90 additional days of presentence custody time for the period from July 18, 2020 to October 15, 2020. After resentencing, the trial court clerk shall prepare an amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

/s/_____,
Robie, Acting P. J.

We concur:

/s/_____,
Hull, J.

/s/_____,
Krause, J.

8