Filed 7/31/13  P. v. Lyons CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038698 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS102712A) |
| v. | |
| RICHARD LEWIS LYONS, JR., | |
| Defendant and Appellant. | |

#### INTRODUCTION

Defendant Richard Lewis Lyons, Jr., pleaded guilty to a felony count of dissuading a witness (Pen. Code, § 136.1, subd. (b)(1)) and no contest to misdemeanor counts of residential trespass (Pen. Code, § 602.5) and simple assault (Pen. Code, § 240).[1] He also admitted to having a prior strike conviction.  In exchange for his plea, defendant received a four-year state prison sentence.

On appeal, defendant asserts he is entitled to dual credits under *People v. Bruner* (1995) 9 Cal.4th 1178 (*Bruner*), for time served in presentence custody for his parole violation.  Additionally, he contends the trial court improperly imposed a $240 "minimum" restitution fine pursuant to Penal Code section 1202.4 because the minimum amount at the time he committed his crime was only $200.  Defendant argues that his

---

[1] Further unspecified statutory references are to the Penal Code.

1

trial counsel rendered ineffective assistance by failing to object to the incorrect minimum amount imposed.

We reject defendant's contention that he is entitled to presentence credits for time served for his parole violation. But we hold defendant's trial counsel prejudicially erred in failing to object to the restitution fine. We therefore modify the judgment to reduce the fine to $200. As modified, the judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On December 9, 2010, a woman reported that a male matching the description of defendant entered her residence. Seaside police officers responded to the call and found defendant near the residence with his pants unzipped and his belt unbuckled. The woman recounted she had been asleep, but awoke when she felt her shirt lifted and saw defendant standing over her, rubbing her stomach. Defendant held her down, told her to remain quiet, and lifted his hand as if he was going to hit her. The woman called her mother, who ran upstairs and found defendant on the floor of the bedroom. He appeared intoxicated at the time of the incident. He later admitted to the officers he had been drinking earlier that day. Defendant was arrested the same day. Four days later, on December 13, 2010, a criminal complaint was filed and defendant was arraigned.

On December 10, 2010, a parole hold was placed on defendant based on five different alleged parole violations. Three of the allegations were based on the charges contained in the police report that led to the criminal prosecution: burglary, sexual battery, and false imprisonment. The fourth allegation was based on the consumption of alcohol, which was substantiated by defendant's admission and the arresting officer's observations. The fifth allegation was based on defendant's use of cocaine, which was supported by a positive urinalysis test done on December 10, 2010. On December 23, 2010, each of the five alleged parole violations were found true, and defendant received a

---

[2] As defendant pleaded no contest, the factual background is derived from the probation report and other documents in the record of appeal.

2

12-month sentence in prison. He was placed in custody from the time period of December 10, 2010, to December 9, 2011, for his parole violations.

On February 2, 2011, defendant was charged by information with two counts of first degree burglary (Pen. Code, § 659; count one and two), one count of assault with intent to commit rape (Pen. Code, § 220; count three), one count of false imprisonment (Pen. Code, §§ 236/237; count four), and one count of dissuading a witness by force or threat (Pen. Code, § 136.1, subd. (c)(1); count five). The prosecution also alleged two prior strike convictions.

On June 4, 2012, the prosecution amended the charges and defendant pleaded guilty to one felony count of dissuading a witness (§136.1, subd. (c)(1)) and no contest to misdemeanor counts of residential trespass (§ 602.5) and simple assault (§ 240). Defendant also admitted one of the prior strike convictions. Pursuant to the plea agreement, defendant was sentenced to four years in state prison: two years for the felony conviction, doubled for the prior strike conviction. Defendant later filed a *Romero*[3] motion to strike the prior conviction, which was denied.

Defendant brought a motion in the trial court, arguing he was entitled to additional credits under *Bruner*, for the time served for his parole violation. He argued that the time served must be credited against his four-year prison sentence because his parole violation stemmed from the same conduct as his criminal charges. The trial court denied the motion, finding that the use of cocaine was an independent violation of parole that was separate from the conduct underlying his criminal prosecution. After excluding the time served for his parole violation, the trial court awarded 364 days of presentence credits, consisting of 243 custody credits and 121 days of conduct credits.

The court also ordered defendant to pay various fines and fees, including a restitution fine pursuant to Penal Code section 1202.4. In imposing that fine, the trial

---

[3] *People v. Superior Court* (1996) 13 Cal.4th 497 *(Romero)*.

3

court stated: "You are also required to pay restitution fine of $240—I am going to make a minimum of $240. . . ." Defendant's trial counsel did not raise an objection to the fine at the time of the proceedings.

DISCUSSION

Defendant contends he is entitled to presentence credits for his parole term because his parole violation was based solely on the conduct underlying his criminal charges. He also asserts that his trial counsel rendered ineffective assistance for failing to object to the amount of the restitution fine. He requests we reduce the restitution fine to the statutory minimum at the time of the offense, which was $200, and to modify the judgment accordingly.

## A. Defendant is Not Entitled to Dual Credits

Penal Code section 2900.5, subdivision (a) provides in relevant part: "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody . . . all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, . . . shall be credited upon his or her term of imprisonment . . . ." However, section 2900.5, subdivision (b) specifies, "credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. . . ."

In *Bruner*, *supra*, 9 Cal.4th at p. 1194, the California Supreme Court acknowledged that it is not always a straightforward matter to determine a defendant's entitlement to presentence credits under section 2900.5 where multiple proceedings are in play. But in order " 'to provide for section 2900.5 a construction which is faithful to its language, which produces fair and reasonable results in a majority of cases, and which can be readily understood and applied by trial courts' " (*Bruner*, *supra*, at p. 1195), the *Bruner* court developed a rule of strict causation for cases where the same conduct is implicated in multiple proceedings. It said, "where a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited

4

against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a 'but for' cause of the earlier restraint. Accordingly, when one seeks credit upon a criminal sentence for presentence time already served and credited on a parole or probation revocation term, he cannot prevail simply by demonstrating that the misconduct which led to his conviction and sentence was 'a' basis for the revocation matter as well." (*Id.* at pp. 1193-1194.) The *Bruner* court further approved of a number of decisions which reasoned that a prisoner's "criminal sentence may not be credited with jail or prison time attributable to a parole or probation revocation that was based *only in part* upon the same criminal episode." (*Id.* at p. 1191.) In other words, "a prisoner is not entitled to credit for presentence confinement unless he shows that the conduct which led to his conviction was the sole reason for his loss of liberty during the presentence period." (*Ibid.*)

In *Bruner,* a warrant issued for the defendant's arrest for three alleged parole violations: absconding from parole supervision, theft of a credit card, and cocaine use based on a positive urine test. (*Bruner*, *supra*, 9 Cal.4th at p. 1181.) When parole agents served the warrant, they found rock cocaine in the defendant's possession. The defendant was cited for possession of cocaine and released on that charge on his own recognizance. Nonetheless, he remained in custody under a parole hold. The Board of Prison Terms revoked the defendant's parole based on the three alleged violations and his possession of cocaine, and imposed a prison term of 12 months. While the defendant was serving that term, he pleaded guilty to the charge that he possessed cocaine, and was sentenced to prison for 16 months. The trial court found that the defendant was not entitled to any presentence custody credits on the current charge. (*Id.* at pp. 1181-1182.) The defendant appealed and the Court of Appeal agreed in part with the defendant that he was entitled to presentence custody credit, but only from the time of the formal parole revocation. (*Id.* at p. 1182.) The Supreme Court reversed the judgment of the Court of Appeal. (*Id.* at p. 1180.)

After acknowledging the potential unfairness of the strict causation rule it applied, the Supreme Court explained, "it arises from the limited purposes of the credit statute itself. The alternative is to allow endless duplicative credit against separately imposed terms of incarceration when it is not at all clear that the misconduct underlying these terms was related. . . . [S]uch credit windfalls are not within the contemplation of section 2900.5." (*Bruner*, *supra*, 9 Cal.4th at p. 1193.) Responding to the suggestion that a rule of strict causation in these circumstances worked an undue hardship on defendants, the Court noted a "defendant's burden, while onerous, is not necessarily impossible." (*Id*. at p. 1193, fn. 10.) Thus, a defendant in custody on multiple causes, such as parole violations and new charges, bears the burden of establishing that he is entitled to presentence custody credits. (*Id.* at pp. 1193-1194.)

*People v. Stump* (2009) 173 Cal.App.4th 1264 (*Stump*) is particularly instructive here. In *Stump*, the defendant was convicted of driving under the influence of alcohol with a prior felony within 10 years (Veh. Code, § 23152, subd. (a)), and driving with a blood-alcohol content of at least .08 percent with a prior felony within 10 years (Veh. Code, § 23152, subd. (b)). Stump was arrested on July 16, 2006. At the time of his arrest he was on parole with special conditions prohibiting him from, among other things, drinking alcohol or driving without his parole officer's permission. Stump was found to have violated the terms of his parole not just by committing the two charged offenses, but also for drinking alcohol and not obtaining the permission of his parole officer before driving. (*Stump*, *supra*, at p. 1268.)

Stump was arraigned "with respect to the July 16, 2006 incident" on December 20, 2006, and remained in custody through the date of sentencing in May 2008. (*Stump*, *supra*, 173 Cal.App.4th at p. 1268.) He was awarded credits for the period of December 20, 2006, through sentencing, but denied credits for the period of his prearraignment custody (i.e., from July 16, 2006, through December 20, 2006). (*Ibid*.)

6

On appeal, Stump challenged the court's failure to award credits for his prearraignment custody, asserting that this period, "was 'attributable to proceedings related to the same conduct for which' he was convicted" because "there was only one 'single, uninterrupted, incident of misconduct,' and '. . . a single episode of criminal behavior may [not] be parsed into separate acts in order to deny the award of credit for revocation custody . . . .' " (*Stump*, *supra*, 173 Cal.App.4th at pp. 1268, 1271.)

The Fourth District Court of Appeal noted that *Bruner* was not "directly on point" because "[t]he decision in [that case], inasmuch as it addressed only a fact pattern with completely unrelated incidents—alleged parole violations and a subsequent cocaine possession—did not address a fact pattern such as the one before us, where all of the acts in question were temporally related." (*Stump*, *supra*, 173 Cal.App.4th at p. 1271.) The question presented, the court stated, was "how the *Bruner* 'but for' test should be applied when a defendant engages in a course of illegal conduct, such as drunk driving, that encompasses certain independent acts, none of which would be illegal per se, but each of which happens to be a separate ground for a parole violation, such as driving (without parole officer permission), or consuming alcoholic beverages in any amount?" (*Ibid*.)

The court answered that question as follows: "In the case before us, the conduct for which defendant was arrested gave rise to two drunk driving charges (violations of Veh. Code, § 23152, subds. (a), (b)). It is not the case that 'but for' a drunk driving charge defendant would have been free of parole revocation custody. He still would have been held for driving, which is not necessarily a crime in and of itself but may be, and was here, a parole violation. Likewise, he still would have been held for consuming alcohol, which is not necessarily a crime in and of itself but may be, and was here, a parole violation. [¶] Penal Code 'section 2900.5 did not intend to allow credit for a period of presentence restraint unless the *conduct* leading to the sentence was the *true and only unavoidable basis* for the earlier custody.' (*Bruner*, *supra*, 9 Cal.4th at p. 1192.) [ . . .] the conduct of driving under the influence of alcohol, for which defendant

7

was sentenced in the underlying action, was not the 'only unavoidable basis' for the custody.  The act of driving without permission was a basis for the earlier custody.  The act of drinking alcohol, irrespective of driving, was a basis for the earlier custody. ' "Section 2900.5 does not authorize credit where the pending proceeding has no effect whatever upon a defendant's liberty." [Citation.]'  (*Id*. at p. 1184.)" (*Stump*, *supra*, 173 Cal.App.4th at p. 1273.)

Similarly here, defendant would not have been free of parole revocation custody "but for" his charged criminal conduct.  The conduct forming the basis for two of his parole violations occurred *before* he entered the residence, whereas the information charged him with crimes that occurred *after* he entered the residence.  Indeed, as the trial court found, defendant's parole violation was based, in part, on his use of cocaine, which was not one of the charged crimes, and there is nothing in the record to suggest that his use of cocaine occurred in the residence when his crimes were being committed. Defendant's consumption of alcohol was another separate ground for his parole revocation, and nothing in the record suggests he consumed alcohol while he committed his crimes.  As in *Stump,* defendant would have been held in custody for consuming alcohol, which is not illegal per se, but was here, a parole violation.  Thus, defendant fails to show that the conduct leading to his conviction was the "sole reason for his loss of liberty during the presentence period." (*Bruner*, *supra*, 9 Cal.4th at p. 1191.) Accordingly, he is not entitled to dual credits for the custody period of December 10, 2010 to December 9, 2011.

**B.  Defense Counsel Rendered Ineffective Assistance by Failing to Object to the Restitution Fine**

At sentencing, the trial court imposed a $240 restitution fine pursuant to Penal Code section 1202.4, stating that it was "going to make a minimum of $240."  Defendant contends that his trial counsel provided ineffective assistance by failing to object to the $240 restitution fine.  He argues the fine should be reduced to $200, the minimum

amount under the version of the statute at the time he committed his crimes. He asserts that the trial court mistakenly used the minimum amount in effect at the time of sentencing rather than the amount at the time he committed his offenses; hence, imposing a $240 fine was an ex post facto violation. Respondent counters that the trial court's intent to impose the minimum fine is mere speculation. Further, under the statute, the trial court has the discretion to set the restitution fine at an amount greater than the minimum. (Former Pen. Code § 1202.4, subd. (b)(1), Stats. 2009, ch. 45, § 1.) Thus, imposing a $240 fine was well within the court's discretion.

Here, defendant committed his crimes on December 9, 2010, but was sentenced on August 8, 2012. At the time defendant committed his crime, the minimum restitution fine under Penal Code section 1202.4 subdivision (b) was $200. (Former Pen. Code § 1202.4, Stats. 2009, ch. 45, § 1.) The statute was then amended effective January 1, 2012, and the minimum fine was increased to $240. (Stats. 2011, ch. 358, §1.) Applying a later version of the statute constitutes an error and an ex post facto violation. "A restitution fine qualifies as punishment for purposes of the prohibition against ex post facto laws." (*People v. Saelee* (1995) 35 Cal.App.4th 27, 30; see also *People v. Downing* (1985) 174 Cal.App.3d 667, 672.)

We conclude from our review of the record that the trial court intended to impose the minimum fine. Although the trial court had the discretion to set the restitution fine as it did, it stated that it was "going to make a minimum of $240." Based on the court's language, it appears that it believed that the minimum fine it could impose under the statute was $240. Nothing in the record suggests that the court intended to impose more than the statutory minimum. Thus we reject the People's claim that the court at its discretion imposed a fine greater than the minimum.

Because no objection was made to the imposition of a $240 fine, defendant has forfeited his claim of error. (*People v. McCullough* (2013) 56 Cal.4th 589, 599.) But defendant asserts that his trial counsel rendered ineffective assistance as he had no

9

reasonable basis for failing to object to the court's use of the wrong formula. To prevail on an ineffective assistance of counsel claim, defendant must prove two elements: (1) trial counsel's deficient performance and (2) prejudice as a result of that performance. (*In re Resendiz* (2001) 25 Cal.4th 230, 239, abrogated on another ground in *Padilla v. Kentucky* (2010) 559 U.S. 356; *Strickland v. Washington* (1984) 466 U.S. 668, 687 (*Strickland*).)

### 1. Deficient Performance

Deficient performance is established if the record demonstrates that counsel's representation "fell below an objective standard of reasonableness under the prevailing norms of practice." (*In re Alvernaz* (1992) 2 Cal.4th 924, 937.) In assessing performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (*Strickland, supra,* 466 U.S. at p. 689.) Courts are "highly deferential" to the tactical decisions made by counsel. (*Ibid*.)

Generally, "the failure to object is a matter of trial tactics that an appellate court will seldom second-guess [citation] . . . ." (*People v. Carter* (2003) 30 Cal.4th 1166, 1209.) But an exception exists where "there simply could be no satisfactory explanation" for counsel's failure to object. (*People v. Carter, supra,* 30 Cal.4th at p. 1211.) Furthermore, with respect to unfavorable sentencing issues, "a defense attorney who fails to adequately understand the available sentencing alternatives, promote their proper application, or pursue the most advantageous disposition for his client may be found incompetent. [Citations.]" (*People v. Scott* (1994) 9 Cal.4th 331, 351; see also *People v. Le* (2006) 136 Cal.App.4th 925, 936 [finding ineffective assistance of counsel where counsel failed to object to a fine calculation in which the court added counts where a punishment should have been stayed per Penal Code section 654].)

Here, trial counsel failed to object to the trial court's mistaken statement of the minimum statutory fine. We find there was no tactical reason for counsel's failure to object. On the record before us, it appears likely that the court would have imposed the

minimum fine of $200 had counsel raised an objection at the sentencing hearing.  We therefore conclude that trial counsel's performance was deficient.

       2.  Prejudice

In assessing whether there was prejudice, there must be a reasonable probability that the result would have been different in the absence of counsel's deficient performance.  (*People v. Lucas* (1995) 12 Cal.4th 415, 436.)

Although the fine difference at dispute is not a large amount, we nonetheless find a reasonable probability that the result would be different had trial counsel alerted the court to its error.  Indeed, having concluded that the trial court intended to impose the statutory minimum, it is likely the court would have reduced the amount to $200.

Under the circumstances of this case, we conclude that trial counsel rendered prejudicially ineffective assistance by failing to object to the $240 restitution fine that was erroneously imposed as the "minimum" under section 1202.4 subdivision (b).

**DISPOSITION**

The judgment is modified to reduce the restitution fine from $240 to $200. The trial court shall prepare an amended abstract of judgment reflecting this modification. As modified, judgment is affirmed.

_____
Márquez, J.

WE CONCUR:

_____
Elia, Acting P. J.

_____
Bamattre-Manoukian, J.