Filed 4/17/14  P. v. Halliman CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DESZESK LAVON HALLIMAN,<br><br>Defendant and Appellant. | F066832<br><br>(Fresno Super. Ct. No. F11904173)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Ralph Nuñez, Judge.  (Retired judge of the Fresno Sup. Ct. assigned by the Chief Justice pursuant to article VI, § 6 of the Cal. Const.)

Michael Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Rebecca Whitfield, Deputy Attorneys General, for Plaintiff and Respondent.

---

* Before Cornell, Acting P.J., Gomes, J. and Poochigian, J.

-ooOoo-

## INTRODUCTION

Appellant/defendant Deszesk Lavon Halliman pleaded no contest to count I, felony possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a)); and count II, the infraction of possession of 28.5 grams or less of marijuana (Health & Saf. Code, § 11357, subd. (b)), pursuant to a negotiated disposition, and was sentenced to four years in prison. On appeal, he argues that he should have received additional presentence custody credits based on a period of confinement for a parole violation. Defendant argues the parole violation was based on the same conduct, which resulted in his subsequent criminal convictions and sentence. We agree and remand the matter for further appropriate proceedings.

## FACTS[1]

"On November 6, 2010, at approximately 3:56 p.m., a transit supervisor contacted police after he observed two subjects smoking marijuana at the bus stop on L and Fresno Street." The police responded and contacted one of the men, identified as defendant. "The officers discovered he was on active parole. When asked if he had anything illegal on him, the defendant stated, 'Yeah, I have marijuana in my pant pocket.' The officer placed the defendant in handcuffs and conducted a search. During the search, the officer located marijuana inside of his pocket. The officer also located two plastic baggies inside of his right front pocket. One baggie contained methamphetamine, and the other contained Ecstasy. The officer observed a green duffle bag, in an empty seat, next to where the defendant was initially seated. The defendant admitted the bag belonged to him. During a search of the bag, the officer located a large plastic bag of approximately 205.4 grams of marijuana."

---

[1] Given defendant's plea, the facts of the offense are from the probation report.

After being advised of the *Miranda*[2] warnings, "the defendant told the officer he has struggled with drug addiction, and had been in and out of treatment. He failed multiple times; however, he wanted to stop using drugs. He acknowledged it was a large amount of marijuana, and indicated he did not want to purchase smaller quantities more often. When asked what was located inside of his pocket, he said it was marijuana, methamphetamine, and Ecstasy. The defendant was booked into the Fresno County Jail."

**Parole revocation**

At the time of defendant's arrest, he was on parole for first degree burglary and robbery.

On or about November 10, 2010, a parole violation report was filed, which stated that defendant had violated parole based on three allegations: (1) sale of amphetamine/methamphetamine; (2) possession of other drugs for sale; and (3) sale of marijuana. All allegations were alleged to have occurred on November 6, 2010, when defendant was arrested at the bus stop. Defendant denied the allegations.

On November 22, 2010, the parole violation hearing was held, and probable cause was found as to all three allegations: "Parolee was contacted by police on Nov. 6, [2010] with marijuana on him in two clear plastic baggies, total weight was 117 grams. Also in his pocket was a baggie of meth and one baggie of ecstasy (twenty pills). [¶] Probable cause was found to maintain the hold after considering the parolee's criminal history, parole history, parole adjustment and public safety."

Defendant was ordered to be returned to custody for nine months.

## CRIMINAL PROCEEDINGS

On July 28, 2011, a complaint was filed in the Superior Court of Fresno County charging defendant with count I, felony possession of a controlled substance,

---

[2] *Miranda v. Arizona* (1966) 384 U.S. 436

3.

methamphetamine; and count II, the infraction of possession of 28.5 grams or less of marijuana, with both offenses alleged to have occurred on November 6, 2010. Defendant was not charged with sale or possession for sale.

It was further alleged defendant had two prior strike convictions (Pen. Code,[3] § 667, subds (b)–(i)) and served one prior prison term (§ 667.5, subd. (b)).

On August 15, 2011, defendant pleaded not guilty. The minute order states that defendant was in custody and requested released on his own recognizance (OR). The court denied OR release and set bail at $210,000. Defendant remained in custody.

On or about March 2, 2012, the court granted defendant's motion for OR release.

On July 20, 2012, defendant failed to appear. The court revoked his OR status and issued a bench warrant.

On August 10, 2012, defendant appeared. The court granted his motion to recall the bench warrant, and again granted OR release.

**Plea and sentence**

On September 11, 2012, defendant pleaded guilty to counts I and II and admitted both prior strike convictions, pursuant to a negotiated disposition for a sentence no greater than four years. Defendant remained on OR release.

On January 9, 2013, the court conducted the sentencing hearing. According to the probation report, defendant had been residing in a "transitional living treatment center" and attending a treatment program. He had "remained sober for an extended period of time, he [was] employed, and actively participating in treatment to improve his life." Defense counsel advised the court that defendant had completed the treatment program.

The probation report stated that in this case, defendant had 203 days of actual credit based on two custodial periods: (1) November 6 to 23, 2010, and (2) August 15,

---

[3] All further statutory citations are to the Penal Code unless otherwise indicated.

2011 to February 15, 2012. He had 100 days of conduct credits, for a total of 303 days.[4] As we will discuss below, the probation report did not include the time defendant spent in custody for the parole violation when it calculated his presentence conduct credits.

The court found the prior prison term allegation true, and dismissed one prior strike conviction. The court imposed the midterm of two years for count I, and doubled it to four years as the second strike term. The court ordered the prior prison term enhancement stricken. The court imposed 303 days for count II, which constituted time served based on his conduct credits. Defendant was remanded into custody. Defendant did not object to the calculation of his presentence custody credits.

On March 6, 2013, defendant filed a timely notice of appeal.[5]

**Defendant's motion in superior court**

On August 19, 2013, appointed appellate counsel filed an ex parte motion in superior court requesting correction of defendant's presentence credits to include the period of time he was in custody for the parole violation. Defendant argued the underlying conduct for both the parole violation and his criminal convictions was the same – his possession of narcotics at the bus stop on November 6, 2010.

On September 9, 2013, the court denied the motion because defendant failed to make any showing at the sentencing hearing that his parole violation was attributable to

---

[4] As we will discuss below, the probation report did not include the time defendant spent in custody for the parole violation when it calculated his presentence conduct credits.

[5] The People request this court to dismiss the instant appeal as untimely because defendant filed his notice of appeal on March 6, 2013, which the People assert was 64 days after the sentencing hearing, "thus exceeding the 60 day requirement." We decline the People's request. The notice of appeal is filed-stamped March 6, 2013, which was 57 days after the January 9, 2013, sentencing hearing, within the statutory filing period.

5.

the same conduct as his criminal convictions, the court lacked sufficient facts to make such a finding, and there was no evidence that his sentence was unauthorized.

**Motion to augment**

On September 18, 2013, defendant requested this court to augment the appellate record to include (1) the parole revocation report, (2) his ex parte motion for the superior court for correction of his presentence credits, and (3) the superior court's denial of the motion. This court requested a response from the People. The People did not respond or file opposition.

On October 15, 2013, this court granted defendant's motion and deemed the appellate record augmented to include the materials attached to his motion.

## DISCUSSION

As noted above, the probation report calculated defendant's presentence credits by omitting the period he served for the parole violation. Defendant contends that he should receive presentence credits for that period because his conduct on November 6, 2010, when he was arrested for the drug offenses at the bus stop, constituted the "but for" reason for both the parole violation and the criminal convictions.

The People assert defendant has waived appellate review of this issue because he did not bring a properly noticed and timely motion before the superior court to correct his presentence credits. Regardless of the nature of defendant's motion, however, his failure to initially object to the court's calculation of custody credits at the sentencing hearing does not waive appellate review of the issue. The trial court's erroneous calculation of conduct credits may be corrected for the first time on appeal. (*People v. Fitzgerald* (1997) 59 Cal.App.4th 932, 936; *People v. Aguirre* (1997) 56 Cal.App.4th 1135, 1139; *People v. Johnson* (2007) 150 Cal.App.4th 1467, 1485.) In addition, the People did not file opposition to defendant's motion to augment the appellate record with the appropriate documents from his parole revocation proceedings, which occurred prior to the plea and

6.

sentencing proceedings in this case. The augmented record permits this court to review defendant's contentions.

We thus turn to the merits. Section 2900.5 governs the award of presentence custody credits and states in relevant part:

> "(a) In all felony and misdemeanor convictions ... when the defendant has been in custody ... all days of custody of the defendant ... shall be credited upon his or her term of imprisonment....
>
> "(b) For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted....
>
> "(c) For the purposes of this section, 'term of imprisonment' includes ... any period of imprisonment prior to release on parole and any period of imprisonment and parole, prior to discharge, whether established or fixed by statute, by any court, or by any duly authorized administrative agency." (§ 2900.5, subds. (a)–(c).)

In *People v. Bruner* (1995) 9 Cal.4th 1178 (*Bruner*), the court held that "when one seeks credit upon a criminal sentence for presentence time already served and credited on a parole or probation revocation term, he cannot prevail simply by demonstrating that the misconduct which led to his conviction and sentence was 'a' basis for the revocation matter as well." (*Id.* at p. 1194.) Instead, as "a general rule ... a prisoner is not entitled to credit for presentence confinement unless he shows that the conduct which led to his conviction was the sole reason for his loss of liberty during the presentence period." (*Id.* at p. 1191.) Stated another way, "where a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited is also a 'but for' cause of the earlier restraint." (*Id.* at pp. 1193–1194) He must "show[] that he could have been free during any period of his presentence custody but for the same conduct that led to the instant conviction and

7.

sentence ...." (*Id.* at p. 1195.) If he fails to make that showing, "he is not entitled to credit on that sentence for the period of presentence restraint." (*Id*. at pp. 1195–1196.)

In *Bruner,* the defendant was convicted and sentenced for possession of cocaine. However, his revocation of parole was also based on the separate and unrelated incidents of credit card theft and absconding from parole supervision. *Bruner* concluded that the defendant failed to show he would have been free from custody "but for" the cocaine possession, and he was not entitled to presentence credit. (*Bruner*, *supra*, 9 Cal.4th at pp. 1181–1182, 1195.)

In *People v. Stump* (2009) 173 Cal.App.4th 1264 (*Stump*), the court addressed a similar situation. The defendant was on parole when he was arrested and charged with driving under the influence of alcohol with a prior felony within 10 years, and driving with a blood-alcohol content of .08 percent or higher with a prior felony within 10 years. As a result of the incident, his parole was revoked. (*Id.* at p. 1266.) The Department of Corrections and Rehabilitation found that defendant had "violated the terms of his parole in three ways: (1) by driving under the influence of alcohol/drugs; (2) by violating the special condition prohibiting alcohol consumption; and (3) by violating the special condition prohibiting the operation of a motor vehicle without a parole officer's approval." (*Id.* at p. 1267.) The defendant pleaded guilty to the criminal offense of driving under the influence of alcohol with a blood-alcohol content over .08 percent. The trial court denied custody credits for the parole revocation period because defendant had not shown that he would have been free of custody "but for" his conduct of driving under the influence. (*Id*. at pp. 1266–1267.)

*Stump* held the court properly denied presentence credits because of the specific findings that he violated parole by violating particular terms and conditions of his parole: driving without his parole officer's approval, and consuming alcohol. (*Stump*, *supra*, 173 Cal.App.4th at p. 1272.)

"In the case before us, the conduct for which defendant was arrested gave rise to two drunk driving charges (violations of Veh. Code, § 23152, subs. (a), (b)). It is not the case that 'but for' a drunk driving charge defendant would have been free of parole revocation custody. He still would have been held for driving, which is not necessarily a crime in and of itself but may be, and was here, a parole violation. Likewise, he still would have been held for consuming alcohol, which is not necessarily a crime in and of itself but may be, and was here, a parole violation.

" '[S]ection 2900.5 did not intend to allow credit for a period of presentence restraint unless the *conduct* leading to the sentence was the *true and only unavoidable basis* for the earlier custody.' [Citation.] Here, the conduct of driving under the influence of alcohol, for which defendant was sentenced in the underlying action, was not the 'only unavoidable basis' for the custody. The act of driving without permission was a basis for the earlier custody. The act of drinking alcohol, irrespective of driving, was a basis for the earlier custody. ' "Section 2900.5 does not authorize credit where the pending proceeding has no effect whatever upon a defendant's liberty." [Citation.]' [Citation.]" (*Stump*, *supra*, 173 Cal.App.4th at p. 1273, original italics.)

In this case, the undisputed facts of defendant's arrest, the parole revocation proceedings, and defendant's subsequent plea and sentence establish that the conduct which led to defendant's conviction in this case was the "true and only unavoidable basis" for both his parole violation and his four year prison sentence. (*Bruner*, *supra*, 9 Cal.4th at p. 1192.) In contrast to the facts of *Bruner*, both the parole revocation and criminal convictions were based on the single incident of November 6, 2010, when the defendant was found in possession of narcotics at the bus stop.

More importantly, however, the specific charges in the parole revocation proceedings were based on defendant's criminal conduct of possession of the same narcotics on November 6, 2010. In contrast to *Stump*, defendant was not alleged or found to have violated parole by violating specific terms and conditions of parole, such as "obey all laws." While such a parole violation could have been alleged, this court may not infer such an allegation from the record before us. The parole revocation proceedings

9.

were instead specifically based on defendant's criminal possession of the same narcotics at the bus stop, which was the basis for the criminal charges and subsequent plea.

There is one slight difference between the two proceedings. The parole revocation findings were based on the allegations of the sale and possession for sale of narcotics. The criminal complaint charged simple possession and not possession for sale. There is no dispute, however, that both defendant's parole violation and criminal conviction were based on the same conduct – the criminal act of possession of certain quantities of narcotics at the bus stop on November 6, 2010. His parole violation was not alleged to be based on violating certain terms and conditions of his parole.

Based on the record before this court, the conduct which "which underlies the term to be credited is also a 'but for' cause of the earlier restraint." (*Bruner*, *supra*, 9 Cal.4th at pp. 1193–1194.) Defendant has shown that "he could have been free during any period of his presentence custody but for the same conduct that led to the instant conviction and sentence ...." (*Id.* at p. 1195; see also *People v. Kennedy* (2012) 209 Cal.App.4th 385, 392–394; *People v. Johnson*, *supra*, 150 Cal.App.4th at p. 1485.)

While this court could order the correction of his presentence credits, we believe it would be more appropriate to remand the matter for the probation department to clarify the correct figure.

## DISPOSITION

The matter is remanded and the trial court is directed to modify the judgment and correct defendant's presentence custody credits to include the time he spent in custody on the parole violation, to issue a new abstract of judgment reflecting the correct credits, and forward the corrected abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

10.