Filed 9/16/15  P. v. Boon CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>         Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER ROBERT BOON,<br><br>         Defendant and Appellant. | A143096<br><br>(Sonoma County<br>Super. Ct. No. SCR-606882) |

        While on felony probation, defendant and appellant Christopher Robert Boon committed a misdemeanor offense, prompting the trial court to revoke his probation.  The trial court awarded appellant presentence custody credits for the underlying misdemeanor offense but not for time served related to the probation revocation matter.  On appeal, he contends the trial court erred in refusing to award him presentence custody credits in both matters.  We affirm the judgment.

**I. BACKGROUND**

        The facts of the underlying offenses are not relevant to the issue raised on appeal and thus are omitted.

        On September 15, 2011, appellant was charged in an amended complaint with driving in willful or wanton disregard for safety of persons or property while fleeing from a pursuing police officer (Veh. Code, § 2800.2, subd. (a) (count I)), being a driver of a vehicle involved in an accident resulting in damage to property and failing to stop his vehicle at the scene of the accident (Veh. Code, § 20002, subd. (a) (count II)), willfully resisting, delaying, and obstructing a peace officer (Pen. Code, § 148, subd. (a)(1) (count

1

III)), and driving a vehicle while under the influence of an alcoholic beverage and a drug and under their combined influence (Veh. Code, § 23152, subd. (a) (count IV)). The amended complaint also alleged one prior conviction in 2008 for driving with a blood alcohol level of .08 percent or more (Veh. Code § 23152, subd. (b)).

On September 15, 2011, appellant also pled guilty to counts I, III, and IV and admitted his prior conviction while the court dismissed count II on the prosecutor's motion. The trial court suspended imposition of sentence and placed appellant on felony formal probation for three years ("felony probation matter"). Among many of the conditions on probation, appellant was ordered not to possess or to use alcohol and to obey all laws. The trial court ordered appellant to serve six months in jail.

On August 19, 2014, the trial court summarily revoked appellant's probation after he was charged with misdemeanor driving under the influence charges with two prior convictions against him ("misdemeanor matter").

On September 17, 2014, appellant pled no contest to the driving under the influence count in the misdemeanor matter. The trial court suspended imposition of sentence and placed appellant on "36 months of a conditional sentence." The trial court ordered appellant to serve 120 days in jail and awarded appellant a total of 64 days of presentence credits on the misdemeanor matter.

Turning to the felony probation matter, the trial court found appellant in violation of probation and extended the length of his probation by twelve months. The trial court refused to award appellant any presentence credits in this matter because his second driving under the influence violation was "very serious." The trial court also determined that appellant would not receive presentence credits for the probation revocation of the underlying felony because the violation was a "[d]ifferent place, different time" and that it would "give [appellant] an incentive for the next year not to reoffend at all, because then you'd have more prison time exposure."

On September 19, 2014, appellant filed a timely notice of appeal from the judgment in the felony probation matter.

2

## II. DISCUSSION

Preliminarily, appellant's argument that the trial court's refusal to award presentence credits is cognizable on appeal. Appellant properly objected to the trial court's decision during sentencing and, thus, preserved the issue on appeal.

Penal Code[1] section 2900.5, subdivision (a) provides in relevant part, "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody . . . all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, . . . shall be credited upon his or her term of imprisonment . . . ."

Under section 2900.5, a defendant is entitled to custody credit against a sentence when the "custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted." (*Id.,* subd. (b).) This has been interpreted to require a defendant claiming custody credit to demonstrate that "the conduct which led to his conviction was the sole reason for his loss of liberty during the presentence period." (*People v. Bruner* (1995) 9 Cal.4th 1178, 1191 (*Bruner*).)

"[T]he purpose of section 2900.5 is to ensure that one held in pretrial custody on the basis of unproven criminal charges will not serve a longer overall period of confinement upon a subsequent conviction than another person who received an identical sentence but did not suffer preconviction custody." (*Bruner, supra,* 9 Cal.4th at pp. 1183-1184.)

In *Bruner, supra,* 9 Cal.4th 1178, 1194, the California Supreme Court acknowledged that it is not always a straightforward matter to determine a defendant's entitlement to presentence credits under section 2900.5 where multiple proceedings are in play. For that reason, in order " 'to provide for section 2900.5 a construction which is faithful to its language, which produces fair and reasonable results in a majority of cases, and which can be readily understood and applied by trial courts' " (*id.* at p. 1195), the *Bruner* court developed a rule of strict causation for cases where the same conduct is

---

[1] All further undesignated statutory references are to the Penal Code.

implicated in multiple proceedings. Thus, the *Bruner* court held that "where a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a 'but for' cause of the earlier restraint." (*Id.* at pp. 1193–1194.) The *Bruner* court approved of a number of decisions which reasoned that a prisoner's "criminal sentence may not be credited with jail or prison time attributable to a parole or probation revocation that was based *only in part* upon the same criminal episode. [Citations.]" (*Id.* at p. 1191.) To put it another way, "a prisoner is not entitled to credit for presentence confinement unless he shows that the conduct which led to his conviction was the sole reason for his loss of liberty during the presentence period." (*Ibid.*)

In *Bruner,* the Supreme Court acknowledged the potential unfairness of the strict causation rule it applied, but explained, "it arises from the limited purposes of the credit statute itself. The alternative is to allow endless duplicative credit against separately imposed terms of incarceration when it is not at all clear that the misconduct underlying these terms was related. . . . [S]uch credit windfalls are not within the contemplation of section 2900.5." (*Bruner, supra,* 9 Cal.4th at p. 1193, fn. omitted.) Responding to the suggestion that a rule of strict causation in these circumstances worked an undue hardship on defendants, the court noted a "defendant's burden, while onerous, is not necessarily impossible." (*Id.* at p. 1193, fn. 10.) Thus, a defendant in custody on multiple causes, such as parole violations and new charges, bears the burden of establishing that he is entitled to presentence custody credits. (*Id.* at pp. 1193–1194.)

Here, appellant argues that he is entitled to presentence credits in both the misdemeanor offense and the felony probation revocation. This is precisely the type of windfall that our supreme court was trying to prevent in *Bruner*. (See *In re Marquez* (2003) 30 Cal.4th 14, 23.)

*People v. Stump* (2009) 173 Cal.App.4th 1264 (*Stump*), although cited by neither party, is particularly instructive on the application of *Bruner* to the facts of the instant case. In *Stump,* the defendant was convicted of driving under the influence of alcohol

4

with a prior felony within 10 years (Veh. Code, § 23152, subd. (a)), and driving with a blood-alcohol content of at least .08 percent with a prior felony within 10 years (*id.* subd. (b)). (*Stump*, *supra*, at p. 1266.) Stump was arrested on July 16, 2006. (*Id*. at p. 1267.) At the time of his arrest he was on parole with special conditions prohibiting him from, among other things, drinking alcohol or driving without his parole officer's permission. (*Ibid.*) Stump was found to have violated the terms of his parole not just by committing the two charged offenses, but also for drinking alcohol and not obtaining the permission of his parole officer before driving. (*Id*. at p. 1268.) Stump was arraigned "with respect to the July 16, 2006 incident" on December 20, 2006 and remained in custody through the date of sentencing in May 2008. (*Ibid.*) He was awarded credits for the period of December 20, 2006, through sentencing, but denied credits for the period of his pre-arraignment custody (i.e., from July 16, 2006 through December 20, 2006). (*Ibid.*)

On appeal, Stump challenged the court's failure to award credits for his pre-arraignment custody, asserting that this period "was 'attributable to proceedings related to the same conduct for which' he was convicted" because "there was only one 'single, uninterrupted, incident of misconduct,' and '. . . a single episode of criminal behavior may [not] be parsed into separate acts in order to deny the award of credit for revocation custody. . . .' " (*Stump, supra,* 173 Cal.App.4th at pp. 1268, 1271.)

The court in *Stump* noted that *Bruner* was not "directly on point" because "[t]he decision in [that case], inasmuch as it addressed only a fact pattern with completely unrelated incidents—alleged parole violations and a subsequent cocaine possession—did not address a fact pattern such as the one before us, where all of the acts in question were temporally related." (*Stump, supra,* 173 Cal.App.4th at p. 1271.) The question presented, the court stated, was "how the *Bruner* 'but for' test should be applied when a defendant engages in a course of illegal conduct, such as drunk driving, that encompasses certain independent acts, none of which would be illegal per se, but each of which happens to be a separate ground for a parole violation, such as driving (without parole officer permission), or consuming alcoholic beverages in any amount." (*Ibid.*)

5

The court answered that question as follows: "In the case before us, the conduct for which defendant was arrested gave rise to two drunk driving charges (violations of Veh. Code, § 23152, subds. (a) & (b)). It is not the case that 'but for' a drunk driving charge defendant would have been free of parole revocation custody. He still would have been held for driving, which is not necessarily a crime in and of itself but may be, and was here, a parole violation. Likewise, he still would have been held for consuming alcohol, which is not necessarily a crime in and of itself but may be, and was here, a parole violation. [¶] Penal Code 'section 2900.5 did not intend to allow credit for a period of presentence restraint unless the *conduct* leading to the sentence was the *true and only unavoidable basis* for the earlier custody.' (*Bruner, supra,* 9 Cal.4th at p. 1192.) Here, the conduct of driving under the influence of alcohol, for which defendant was sentenced in the underlying action, was not the 'only unavoidable basis' for the custody. The act of driving without permission was a basis for the earlier custody. The act of drinking alcohol, irrespective of driving, was a basis for the earlier custody. ' "Section 2900.5 does not authorize credit where the pending proceeding has no effect whatever upon a defendant's liberty." [Citation.]' (*Id.* at p. 1184.)" (*Stump, supra,* 173 Cal.App.4th at p. 1273.)

Here, appellant would not have been free of custody "but for" the criminal charges. Like *Stump,* this is not a case in which the conduct leading to the sentence was the "*true and only unavoidable basis*" for the period of custody in question. (*Bruner, supra,* 9 Cal.4th at p. 1192.) Appellant violated his probation by using or possessing alcohol. That is not illegal per se. When the arresting officers discovered appellant had consumed alcohol, appellant was in violation of probation, regardless of whether he illegally drove with a blood alcohol level of 0.13. Thus, he cannot establish that "but for" the criminal charges he would not have been in custody. Accordingly, we conclude that the trial court properly refused to award appellant double presentence credits.

The cases cited by appellant are factually distinguishable and do not alter this conclusion. For example, in *People v. Johnson* (2007) 150 Cal.App.4th 1467, 1485, the "defendant was found in violation of his probation based *only* upon the crimes for which

he was convicted in this case.  Accordingly, the conduct that led to his conviction in this case was the 'but for' cause of his presentence custody."  (Italics added.) Equally inapposite is *People v. Pruitt* (2008) 161 Cal.App.4th 637.  There, the new criminal charges were dismissed, thereby obviating the application of duplicate credits.  (*Id.* at p. 648.)

As *Bruner*, explains "when presentence custody may be concurrently attributable to two or more unrelated acts, and where the defendant has already received credit for such custody in another proceeding, the strict causation rules . . . should apply."  (*Bruner*, *supra*, at p. 1180; see *In re Joyner* (1989) 48 Cal.3d 487 [explaining that the strict causation principles require a defendant to show that his conduct leading to his conviction was the exclusive reason for his loss of liberty].)  Here, appellant already received presentence custody credits for his misdemeanor matter, but he has failed to demonstrate that "but for" the driving under the influence charge leading to his current sentence he would have been free during that presentence period.  Therefore, he is not entitled to duplicative credit in both the misdemeanor matter and the felony probation revocation.

## III. DISPOSITION

The judgment is affirmed.

                                   _____

REARDON, ACTING P. J.


We concur:


_____

RIVERA, J.


_____

STREETER, J.